†SLOSS MARBLEHEAD LIME CO., v. L. P. & J. A. SMITH.

1. RIGHT OF ACTION ACCRUES WHEN PARTY TO A CONTRACT REPUDIATES IT.

A suit brought April 20, 1893, on a contract for delivery of stone during the year 1893 is not prematurely brought, where it is alleged that the defendant "disregarding its promise and agreement in that behalf * * * wholly refuses and declines to fulfill and perform its agreement."

2. POWER OF AN OFFICER OF A CORPORATION TO BIND IT BY ADMISSIONS.

Admissions made by an officer of a corporation, after a transaction, to one not connected with the transaction, when the corporation is not called upon to say something, will not bind the corporation.

3. TO RECOVER SPECIAL DAMAGES THEY MUST BE PLEAD.

There was no allegation in the pleadings that the plaintiff in error knew that contract sued upon was made in reference to a contract which defendant in error had with the United States government, and the admission of evidence as to what his arrangements with the government were, was erroneous.

MARVIN, J.

This case comes here upon a petition in error filed by The Sloss Marblehead Lime Co. Suit was brought in the court of common pleas by L. P. & J. A. Smith. The petition in substance recites that the plaintiff complains of the defendant, The Sloss Marblehead Lime Co., and says that it is a corporation organized and existing under the laws of this state, and carrying on the quarrying business and the manufacturing and selling of stone; that on or about March 1, 1893, the defendant agreed with the plaintiffs to furnish and provide plaintiffs with 5,000 cords of pier stone—so called—and did then and there sell to plaintiffs the said 5,000 cords of stone, to be delivered during the year 1893 at defendant's dock at Marblehead, f. o. b. vessels, at the rate of

†This judgment was reversed by the Supreme Court; see opinion 57 O. S., 518.

$1.75 per cord. But disregarding its promise and agreement in that behalf, the defendant, although requested by the plaintiffs, wholly refuses and declines to fulfill and perform its agreement aforesaid.

That raises the first question in the case, viz., as to whether suit was prematurely brought, the allegations of the petition being as stated, and the petition having been filed on the 20th day of April, 1893. It is urged that the contract sued upon is for a delivery of stone during the year 1893; that a suit brought on the 20th day of April, 1893, is prematurely brought, because it is said that during all of the year 1893, or during all that part of the year when navigation would be open to take stone from Marblehead, the defendant below had under its contract the right to deliver stone.

The allegations of the petition, so far as the breach of the contract is concerned, are that the defendant, disregarding its promise and agreement in that behalf, although requested by the plaintiffs, wholly refuses and declines to fulfill and perform its agreement aforesaid. Now it is urged on the part of the defendant in error that there is a sufficient allegation that the contract has been broken by The Sloss Marblehead Lime Co., and that therefore suit might be brought without waiting during all the summer of 1893 to ascertain whether the company would perform its part of the contract and deliver the stone.

It has been held by our supreme court in a number of cases that a declaration or notice on the part of one who has obligated himself to do a particular thing to the party to whom he has made the promise that he repudiates it and will not carry out the provisions and terms of that promise, is a breach of the contract for which suit may be brought at once. That has not only been decided in our own state, but numerous authorities are to the same effect. A case in our own state, *James* v. *Allen County*, in 44 O. S., 226, is a suit brought by one who had been employed by another to work during a given time. The plaintiff was discharged from his employment before he had completed the work to be done under it, that of superintending the erection of a court house at Lima—he having been employed by the month. At the end of two months he brought suit for two month's pay, his contract being that he should be paid monthly. Later he brought another suit for breach of contract, and the court held that he should have brought his entire suit in the first instance, and brought suit for the breach of contract; that having been discharged from his employment, the contract was broken, and he need not wait until the expiration of the period of his employment.

The case of *Stephenson* v. *Repp*, 47 O. S., 551, is a suit where one sold a half interest in an engine for which he was to receive $800, and he was to have received in payment for it a note to be due in one year. The party who purchased refused to give the note, and he brought the suit for the value of that interest in the engine which he sold. The court held that suit was not prematurely brought; although if the contract had been carried out, the money would not have been due for a considerable time after the suit was brought, yet as the party had refused to carry out the contract, suit could be brought for the breach of that contract, and brought without waiting until the money would have been due upon the contract if it had been carried out.

So we think the allegations of the petition are such as to warrant the bringing of the suit at the time it was brought, and that there was no

error in holding as against a demurrer, that there was a sufficient allegation of the breach of the contract.

The next thing to which I call attention which is complained of as error, is as to the admissions said to have been made by Sol Sloss to a man named Stein, as to whether the contract was ever made between The Sloss Marblehead Lime Co. and the Smiths in reference to the stone spoken of in the petition. There was a controversy in this case as to whether any contract had been entered into between The Sloss Marblehead Lime Co. and the Smiths for the sale of this stone.

It was admitted on the trial of this case that Sol Sloss was the general manager and secretary of this corporation, and it was with him if with anybody that the contract was made for the stone. This man Stein was upon the witness stand and was asked and permitted to answer questions as to what Sol Sloss had said to him as to whether he had contracted to furnish stone to the Smiths. Stein was in no way interested in this controversy. He was talking of buying stone from the Marblehead Lime Co., and whatever was said to him was not in connection with the contract with the Smiths, but said to one wholly outside, who had nothing whatever to do with the Smith contract. He testified that Sloss said to him that he was to furnish stone for the Smiths for the pier to be built at the lake front here. The answering of questions on that subject by Stein was objected to, and the objection overruled and exceptions taken. It is urged that the same rule, should be applied to a corporation that should be applied to a natural person, that admissions made by a corporation can be made only by its officers and agents, and that since admissions made by a natural person might be used in evidence against him, admissions made by the officer of a corporation, especially by the general manager of the corporation, may be used in evidence against such corporation. We are cited to Thompson's Commentaries on the Law of Corporations, section 4915, as sustaining that proposition. That section reads as follows: " As stated by a learned writer upon agency, the rule of responsibility, upon the part of the principal for declarations and representations by an agent in matters pertaining to his agency, applies with peculiar force to corporations, for the reason that such principals can speak only through the medium of agents. Obviously then, the corporation, as principal, can be approached only through its agents after a transaction is past. For this reason, the rule that declarations of an agent are admissible only when made contemporaneously with the transactions; or ' in regard to a transaction then depending,' is not strictly applied in the case of corporations." What follows is a quotation from a decision of the supreme court of Massachusetts, and is, as we think, not an authority which sustains the proposition by any means that admissions made by the officer of a corporation, whatever may be his authority to make contracts, and made after the transaction, to one not connected in any way with the transaction are admissible; and the authorities cited in support of the section which I have read, none of them go so far as to make those declarations admissible. The subject is fully discussed in section 726 of Cook on Stocks and Stockholders and Corporation Laws. There the proposition is laid down that admissions made by the officers of corporations, who are authorized to act for the corporation, will bind the corporations themselves, though made after the transaction.

A large number of authorities are cited under this section and these authorities, most of them, I have examined. In 4 Wis., page 20, is cited the case of an insurance company against Carpenter who brought suit for loss by fire, on a policy. The company set up that proofs of loss such as were required by the terms of the policy had not been made. Carpenter offered to show that the secretary of the company had admitted to him in a letter that he had received the proofs; and the court held that that was competent and for the very good reason that it was in connection with the very matter under consideration, and a part of that matter; and that there would be no other way; the secretary was the person to whom the proofs of loss were to be addressed, and that his admission that he received them would, of course, bind the corporation. The case in 116 Mass., 177, *McGenness* v. *The Adriatic Mills*, is where a superintendent of mills had admitted to McGenness, who brought suit because the mills kept up and maintained a nuisance, that it was a nuisance which they were maintaining. He admitted it when McGenness was conversing with him on this subject, and they were discussing the matter as to what should be done. That was held to be admissible. But in every one of the cases that I have been able to find, admissions of the officers have been allowed to be given in evidence only when given in connection with the subject matter upon which the admissions were being made, and in connection with somebody and at a time when the corporation was called upon to say something.

In this case the corporation was not called upon to say anything as to the arrangement which it had with the Smiths, and it seems clear to us that the corporation could not be bound by something Sloss said to Stein about what kind of a contract they had with the Smiths. We think this was error to the prejudice of the plaintiff in error.

We have found no authorities in our own state which show that admissions made by any of the officers of a corporation to one not connected with the transaction can bind the corporation.

The petition goes on to state after that part which I have recited, that plaintiffs are under a contract and agreement with the government of the United States to build and construct for it a pier in the city of Cleveland, Ohio, and were compelled under the provisions of said contract to use stone in the amount of 5,000 cords; and that by reason of the failure and refusal of the defendant to perform the contract and agreement as aforesaid made with it, plaintiffs have been compelled to contract for and to purchase stone elsewhere; that they have been unable to purchase stone of the kind and character purchased of the defendant, at a price less than $2.75 per cord, and that by reason of the breach on the part of the defendant of the contract so made and entered into with the plaintiffs, plaintiffs have been compelled to expend the sum of $5,000 over and above the price agreed upon between the parties hereto, to the damage of the plaintiffs in the sum of $5,000. There was a supplemental petition, but neither in the petition, nor in the supplemental petition is there any allegation that a contract was made between The Sloss Marblehead Lime Co. and the Smiths with refererence to the contract that Smith had with the government of the United States. There is no allegation that The Sloss Marblehead Lime Co. had any notice that Smith had any contract with the government of the United States to make this pier. The claim made on the trial of the case was that there was a contract made between Smith and The Sloss Marble-

head Lime Co. to furnish stone that was to be used at that pier, but there is no such allegation in the petition. I do not need to cite authorities to the effect that one must plead special damages in order to recover special damages. That matter is settled in Ohio and elsewhere. The only claim that can be made in this case is that they did allege that the Smiths suffered or would suffer special damages because of the fact that they had this contract. Certainly the allegations of the petition should show, in order to recover for these special damages, that such damages were suffered because of the fact that they were unable to complete their contract with the government of the United States except at a loss of one dollar per cord for the stone that they furnished, one dollar per cord above what they would have been compelled to pay if they had obtained the stone under their contract with the defendant. That the Marblehead company had some notice of that fact and violated it with knowledge of the fact that the Smiths had this contract with the government.

We think there was error in admitting any evidence as to what arrangements the Smiths had with the government of the United States, although that is alleged in the petition, since it is not alleged that the Smiths knew anything about it. Whatever evidence was admitted on that subject we think was improper. It was objected to, and went in over the objection of the Marblehead company, and ought not to have been admitted. And so much of the charge of the court as is based upon the theory that special damages could be recovered here because of the fact that the Smiths had failed to make the money that they would have made in the contract with the government; or had lost money because of their being unable to get the stone for less than two dollars and seventy-five cents, whereas they had contracted with the Marblehead company for one dollar and seventy-five cents, is error. The rest of the charge we find no fault with.

Included in what we do find to have been given that ought not to have been given, is where the court say to the jury that they may take into account what the Smiths did pay for stone. But that is really covered by what I have already said.

The case is reversed because of error in permitting evidence as to the contract that the Smiths had with the government of the United States about the building of a pier; and admitting the testimony of Stein as to what was said to him by Sloss about the contract that his company had with the Smiths.

*Messrs. Ingersoll & Tolles*, Attorneys for Plaintiff in Error.

*Messrs. Goulder, Wing & Holding*, Attorneys for Defendants in Error.